Jade Melissa UTAN; Merdy Armand Utan, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–70003.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 28, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ-U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Jade Melissa Utan and her brother Merdy Armand Utan, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1181–82 n. 4 (9th Cir.2003), we deny the petition for review.

Substantial evidence supports the agency's finding that the Utans failed to establish past persecution. *See id.* at 1182 (concluding that beating and unfulfilled threats was not sufficient to compel finding of past persecution).

Substantial evidence also supports the agency's conclusion that the Utans failed to demonstrate a well-founded fear of future persecution because, although they are members of a disfavored group, they failed to demonstrate sufficient individualized risk of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004). Moreover, the Utans' voluntary return trip to Indonesia in 1999 undermines their fear of future persecution. *See Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir.2008). The Utans introduced no evidence that a political opinion would be imputed to them, *see Molina–Morales v. INS*, 237 F.3d 1048, 1051 (9th Cir.2001), and their contention that the agency failed to consider background reports and erroneously weighed adverse factors against them is not supported by

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the record. Finally, the record does not demonstrate that the ethnic and religious strife in Indonesia amounts to persecution against these petitioners. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir. 2007) (en banc). Accordingly, the Utans failed to establish eligibility for asylum.

Because the Utans failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

■ The Utans' CAT claim fails because they have not demonstrated that it is more likely than not that they will be tortured if they return to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.